Dear Mr. House:
This letter is in response to your question asking:
 May the Circuit Court Judge or the County Court in my third class county appoint my wife (who is also my law partner) as assistant prosecutor, special prosecutor or special counsel without pay for the prosecution of child support and Title IV-D cases only? If the appointment is proper, could such appointment be a blanket appointment to handle IV-D cases until rescinded by the court, or must it be on a case by case basis? The reason for the appointment is my lack of time to adequately pursue such IV-D cases.
The cases to which you refer are brought pursuant to the provisions of § 207.025, RSMo. Subsection 6 of that section provides for the appointment of a special prosecutor by the governor on a case to case basis, where the prosecuting attorney states that he does not intend to take the action required by that section. However, the appointment of a special prosecutor under subsection 6 of § 207.025 would not solve your problem.
In addition, it is our view that § 56.110, RSMo, relative to the appointment of a special prosecuting attorney by the court does not apply because the express provisions of that section authorize the court having criminal jurisdiction to appoint some other attorney to prosecute the case only apply where the prosecuting attorney and assistant prosecuting attorney are interested or have been employed as counsel in any case where such employment is inconsistent with the duties of his office or shall be related to the defendant in any criminal prosecution, either by blood or marriage.
Further, it is our view that § 56.250, RSMo, with respect to the appointment of special counsel by the county court, is not applicable because such special counsel may only be employed to represent the county in prosecuting a suit brought by the county. We do not believe that the cases to which you refer fall in this category. This seems especially evident in view of the explicit language of § 207.025, relative to the duties of the prosecuting attorney and the provisions, which we have noted, for the appointment of a special prosecutor in those cases.
We also point out that it should be clear that you cannot name your wife as assistant prosecutor, even without pay, because § 6 of Article VII of the Missouri Constitution, which prohibits nepotism, applies in such a situation even though the wife receives no compensation. In this respect we enclose Opinion No. 13, dated May 15, 1953, to Charles V. Butler, which is self-explanatory.
We thus conclude that we know of no way for your wife to be appointed, either as special counsel or as a special prosecutor, to handle such cases in the situation you present.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosure: Att'y Gen. Op. No. 13, Butler, 5/15/53